

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DORIS KARINA MORALES-OVALLE; et al., | No. 19-72030 |
| Petitioners, | Agency Nos.     A209-479-826<br>A209-479-827<br>A209-479-828 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 30, 2020[**]
Portland, Oregon

Before: GRABER, CLIFTON, and IKUTA, Circuit Judges.

Petitioner Doris Morales-Ovalle, a native and citizen of Guatemala, seeks

review of the Board of Immigration Appeals' ("BIA") final order affirming an

immigration judge's ("IJ") denial of her request for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). Her two sons claim derivative relief.

1. Petitioners' argument that their initial Notices to Appear ("NTA") were defective because the notices did not contain the time and place of their hearing is foreclosed by Aguilar Fermin v. Barr, 958 F.3d 887, 895 (9th Cir. 2020) petition for cert. filed, (U.S. July 16, 2020) (No. 20-53). Petitioners were later provided with notices that included the time and place of the hearing. "[A]n initial NTA need not contain time, date, and place information to vest an immigration court with jurisdiction if such information is provided before the hearing." Id. at 889.

2. Substantial evidence supports the BIA's conclusion that Petitioner is not eligible for asylum or withholding of removal. A Guatemalan judge's issuance of a restraining order against Petitioner's ex-partner supports the IJ's finding, upheld by the BIA, that Petitioner had not met her burden of establishing that the government was unwilling or unable to control the ex-partner. Navas v. INS, 217 F.3d 646, 655–56 (9th Cir. 2000). There is no evidence in the record that Petitioner attempted to enforce the restraining order after the ex-partner violated its terms. Thus, the record does not compel the conclusion that the government lacked the ability to control Petitioner's ex-partner.

3.  Substantial evidence supports the BIA's conclusion that Petitioner's children are not eligible for withholding of removal.  Petitioners failed to demonstrate that their membership in their proposed particular social group of "Guatemalan children who are unable to leave a parent-child relationship" was "a reason" for, i.e., the motivation for, any past or future persecution.  See Barajas-Romero v. Lynch, 846 F.3d 351, 360 (9th Cir. 2017) (explaining that, with respect to withholding, a protected ground must be "a reason" for harm).

4.  Substantial evidence supports the BIA's denial of CAT relief.  Petitioner failed to show that it is "more likely than not" that she would be tortured if she returned to Guatemala.  Shrestha v. Holder, 590 F.3d 1034, 1048 (9th Cir. 2010).  Additionally, Petitioner failed to show that the Guatemalan government would acquiesce in any torture if she were removed.  Tamang v. Holder, 598 F.3d 1083, 1095 (9th Cir. 2010).

**PETITIONS DENIED**.